Graves et al. *v.* Dyer.

---

RUFUS GRAVES AND JOHN C. STRONG *v.* ALANSON DYER.

When a debtor is committed to jail upon *mesne* process and procures bail by way of jail bond, written and executed in the common form of a jail bond upon commitment on final process, the surety in the jail bond has the same right to surrender the debtor and may have the same benefit of pleading in his discharge the death of the debtor, in a suit commenced upon the jail bond, that he would have had, if he had become bail by indorsing the writ, and a *scire facias* had been commenced against him.

DEBT upon a jail bond, written and executed in the common form of a jail bond executed upon commitment on final process, but given by one Weeks, as principal, and the defendant, as surety, January 24, 1846, upon the commitment of Weeks to jail, upon *mesne* process then pending in court in favor of the plaintiffs against him, on occasion of the surrender of Weeks in court in discharge of the bail given at the time he was arrested upon the original writ. The recovery of final judgment by the plaintiffs, in the original suit, the issue of execution and return of *non est inventus* thereon, and the assignment of the jail bond by the sheriff to the plaintiffs, were alleged in the declaration in common form. The defendant pleaded, *puis darrein continuance*, the death of Weeks, the debtor, who was principal in the bond, and the tender to the plaintiffs of the costs of this suit. To this plea the plaintiffs demurred.

The county court,—HALL, J., presiding,—adjudged the plea sufficient, and rendered judgment thereon for the defendant. Exceptions by plaintiffs.

Graves et al. *v.* Dyer.

*Potter* for plaintiffs.

The question raised by the demurrer is, whether the surety can plead the death of the principal in his own discharge. This question depends entirely upon the statute, and by that this defence is not allowed. Rev. St. 456, sec 18.

*Foot & Hodges* for defendant.

The plea sets forth a sufficient defence to the farther prosecution of the action, in the death of the principal before judgment. Compare Rev. St. p. 183, sec. 28, p. 184, sec. 37, and p. 456, sec. 18. The provisions for commitment on *mesne* process are merely in aid of those for taking bail in the usual form, and are not designed to give the creditor any greater advantage in one case, than he enjoys in the other. Since the sureties in the bond are expressly allowed the same privilege of surrendering the principal, before they are fixed by judgment, they should not be deprived of this privilege by his death, any more than the bail on the writ.

The opinion of the court was delivered by

ROYCE, Ch. J. The question arising upon the special plea is, whether the same matters will exonerate the defendant, as if he had indorsed the original writ. Our legislation, defining the liabilities and rights of bail on *mesne* process in a civil action, has generally had *express* reference to those only, who become bail in this latter way; and this for the reason, that such has always been the most common and frequent mode of giving such bail in this state. In no other case has the statute prescribed the kind of remedy to be pursued against the bail.

But whether bail is given in that manner, or by a jail bond on commitment of the party to prison, as in this instance, the object and policy of the law in allowing it are the same; the principal is alike subject to the control of the surety in both cases, and their relations to each other are in all respects identical. It is obvious, therefore, that the security to the plaintiff in the action should neither be enlarged, nor diminished, by the accident of bail being given in the one form or the other. And we think, the statutes do not require, that bail in the two forms should be held to different measures of liability. The surety in either form has always had the same right to surrender the principal in discharge of himself as bail.

This appears from the twenty ninth section of the statute of 1797,—the statute in explanation of that section, passed November 11, 1818,—Rev. Statutes 183, sec. 28, 184, sec. 35, and 456, sec. 18. And although the bail is said to become fixed, (so as to authorize a suit to be commenced against him,) immediately upon a seasonable return of *non est inventus* on the execution against the principal, yet this right of surrendering the principal is continued down to the time of entering up final judgment against the bail. But it may happen, that the surrender cannot be made. And when this is the result of certain causes specified by statute, these causes are allowed to excuse and discharge the surety, as if the surrender were in fact made. Thus, by the fourth section of the statute of November 11, 1818, the death of the principal, before final judgment against the surety, had this effect. The same provision is continued by the present statute, sec. 28, before cited, and certain other causes for discharging the bail, without a surrender of the principal, are added by sec. 37. It is true, that these enactments are ranged under the head of *Process* in the statute, and stand in connection with the mode of giving bail by indorsing the writ, and the remedy by *scire facias* against that class of bail; while those which authorize the giving bail by a bond are placed under the head of County Jails and Prisoners. It is also true, that the latter only profess, in terms, to entitle the sureties in such a bond to " all the privileges of delivering up the principal, in an action on the bond, or of surrendering him in court, in discharge of his bail, that are by law given to persons who indorse the original writ as bail." But may not these expressions be understood to embrace all the privileges, conferred upon the other class of bail, *in relation* to the delivering up and surrender of the principal?—privileges which go as well to dispense with the surrender in given cases, as to authorize or require it in others. And if so understood, they will entitle the sureties in the bond to avail themselves of those facts, which operate to discharge an indorser of the writ without an actual surrender of his principal. And this construction being necessary, to render the statutes harmonious upon the same subject, and its justice being apparent, we think it should be sanctioned, as best comporting with the object and intention of the legislature.

The plea is accordingly adjudged sufficient, and the judgment below is affirmed.